UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROSE MARIE PEZZA,

    Plaintiff,

                                            Case No. 3:17-cv-925-J-MCR

v.

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Plaintiff filed her application for SSI on August 20, 2013, and her application for DIB on October 10, 2013. (Tr. 72-73, 182-83.) Plaintiff alleged she became disabled on June 1, 2012. (Tr. 10.) Plaintiff's applications were denied initially and on reconsideration. (Tr. 7-17.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on April 18, 2016, at which Plaintiff was represented by an attorney. (Tr. 34-49.) The ALJ found Plaintiff not disabled since June 1, 2012, the alleged onset date, through June 8, 2016, the date of the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 14.)

1

decision. (Tr. 17.)

The ALJ found that Plaintiff had the "following severe impairments: degenerative disc disease of the cervical and lumbar spine, [and] osteoarthritis of the knee status post right total knee arthroplasty." (Tr. 12.) The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or equals the severity of the listings. (Tr. 13.) The ALJ made the following residual functional capacity ("RFC") finding:

> [Plaintiff] has the [RFC] to perform light work as designed in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally balance, stoop, and climb ramps and stairs. The claimant can never climb ladders, ropes or scaffolds, kneel, crouch or crawl. She cannot use the lower extremities to operate foot controls.

(Tr. 13.)

The ALJ determined that Plaintiff could perform her past relevant work ("PRW") as a cashier and manager, based in part on the testimony of the vocational expert ("VE"). (Tr. 17.) The ALJ then concluded that Plaintiff was not disabled from June 1, 2012 through June 8, 2016. *Id.*

Plaintiff is appealing the Commissioner's decision that she was not disabled during the relevant time period. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the undersigned determines that the Commissioner's decision is **REVERSED and REMANDED**.

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues one general point on appeal: that the ALJ erred in finding that Plaintiff could perform her PRW as a cashier and manager. (Doc. 16 at 4.)

Plaintiff specifically contends that her work as a cashier did not qualify as PRW because she did not perform the position at substantial gainful activity ("SGA") levels and she did not perform her work as a manager long enough for her to learn the position. (Doc. 16 at 4-5.)

The Commissioner responds that Plaintiff failed to meet her burden of proving that Plaintiff could not perform her PRW as a cashier and retail store manager. (Doc. 17 at 3.) The Commissioner contends that because Plaintiff failed to raise her argument prior to filing this appeal, any alleged error by the ALJ regarding PRW was invited, and thus waived. (*Id.* at 6.) The Commissioner also argues that the ALJ properly considered and relied on the testimony of the VE that an individual could perform Plaintiff's prior work as a cashier and retail store manager. (Doc. 14 at 5.)

The undersigned cannot find that the ALJ properly developed the record with respect to Plaintiff's PRW. An ALJ has a duty to create a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). In order to fulfill this basic obligation, the ALJ has a duty to "investigate the facts and develop arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000). Remand for failure to develop the record is guided by whether or not "the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). Clear prejudice requires a showing

that the ALJ did not consider all of the evidence in the record in reaching his decision. *Newberger v. Astrue,* No. 3:07-cv-585-J-HTS, 2008 WL 299012, at *3 (M.D. Fla. Feb 1, 2008).

At step four, the ALJ will determine that a claimant is not disabled if she can return to her PRW. 20 C.F.R. §§ 404.1560(b), 416.960(b). PRW is SGA that a claimant has performed within the past 15 years and has lasted long enough for the claimant to learn how to perform the job. 20 C.F.R. §§ 404.1565(a), 416.965(a). SGA is work that involves doing "significant physical or mental activities" for profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b).

The ALJ's "primary consideration" in evaluating whether the claimant's past work constitutes SGA is the amount of earnings that are derived from the work activity. 20 C.F.R. §§ 404.1574(a), 416.974(a). The ALJ will ordinarily decide that the claimant was not engaged in SGA if her average monthly earnings are below the amount established by the Social Security Administration's earnings guidelines. 20 C.F.R. §§ 404.1574(a)-(b), 416.974(a)-(b) (explaining that the ALJ will average monthly earnings over the actual period of time worked to determine whether a claimant is performing at SGA levels). Although the ALJ can consider other information in addition to earnings,[2] earnings below the guidelines create a

---

[2] Such information includes: (a) whether the claimant is in a position to control earnings; (b) whether the claimant's work is comparable to that of unimpaired people in the claimant's community who are doing the same or similar occupations taking into account time, energy, skill, and responsibility involved in the work; and (c) whether claimant's work, if significantly less than that done by unimpaired people, is clearly

presumption that the claimant did not engage in SGA. *See* 20 C.F.R. §§ 404.1574(b)(3), 416.974(b)(3) (explaining that an ALJ will ordinarily find a claimant did not partake in SGA if earnings are below the guidelines); *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 524 (11th Cir. 2014) (holding that the ALJ will consider that the claimant was not engaged in SGA if her average earnings are below the guidelines); *Lewis v. Apfel*, 236 F.3d 505, 515 (9th Cir. 2001) (holding that the presumption that arises from low earnings shifts the step four burden of proof from the claimant to the Commissioner); *Curry v. Astrue*, No. CV 309-068, 2010 WL 5125923, at *3 (S.D. Ga. Nov. 17, 2010) (report and recommendation adopted Dec. 9, 2010) (stating that if a claimant's earnings are below the SGA threshold, the claimant is presumed not to be engaging in SGA).

Here, the ALJ found that Plaintiff could perform her PRW as a cashier because she "earned wages at [the] [SGA] level." (Tr. 17.) A review of the Plaintiff's earnings history, however, shows that she earned less than the monthly threshold of $1,000 in 2010 and 2011.[3] Thus, the ALJ's statement that Plaintiff

---

worth the amounts enumerated in the SGA levels. 20 C.F.R. §§ 404.1574(b)(3)(ii), 416.974(b)(3)(ii).

[3] Plaintiff's monthly earnings for 2010 and 2011 were $983.46 and $994.82, respectively. (Tr. 199 (calculated by dividing Plaintiff's yearly income by the time worked).) The minimum monthly earnings threshold in 2010 and 2011 was $1000. *See* 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii) (setting forth the SGA earnings threshold as $700 plus an amount adjusted for national wage growth for each year after 2000); Program Operation Manual System (POMS) DI 10501.015 (demonstrating that the earnings threshold for 2010 and 2011 was $1000); *Owens v. Comm'r of Soc. Sec.*, No. 6:16-cv-2183-Orl-DCI, 2018 WL 1000036, at *6 (M.D. Fla. Feb. 21, 2018) (adopting

"earned wages at [the] [SGA] level" is incorrect. The ALJ failed to indicate during the hearing or in the written decision whether he considered any evidence other than the Plaintiff's earnings in assessing her PRW, thereby making it impossible for the Court to determine whether or not the Commissioner afforded Plaintiff the presumption that she did not partake in SGA. While it may be true that the ALJ considered information in addition to Plaintiff's earnings in making the ultimate SGA finding as the Commissioner suggests, the undersigned cannot uphold such a finding without a more properly developed record. *See McCrea v. Astrue*, 407 F. App'x 394, 396 (11th Cir. 2011) (holding that the ALJ failed to develop a fair record by not eliciting information about the claimant's PRW at the hearing when the record indicated that the claimant's earnings were below SGA levels); *Culver v. Astrue*, No. 5:10-cv-249/RH/EMT, 2011 WL 7039940, at *7 (N.D. Fla. Dec. 12, 2011) (report and recommendation adopted Jan. 15, 2012) (holding that the ALJ failed to develop a fair record by not inquiring into the claimant's PRW when the record showed that the claimant's income was below SGA levels).

In the same vein, the ALJ summarily concluded that Plaintiff's prior job as a

---

POMS DI 10501.015 as the source to account for national wage growth after 2000 per the regulations); *Blackburn v. Comm'r of Soc. Sec.*, No. 8:16–cv–3372–T–JSS, 2018 WL 948484, at *3 (M.D. Fla. Feb. 20, 2018) (same); *Lewis v. Comm'r of Soc. Sec.*, No. 6:17-cv-356-Orl-37DCI, 2017 WL 8809369, at *8 (M.D. Fla. Dec. 28, 2017) (report and recommendation adopted Jan. 16, 2018) (same); *Feurig v. Comm'r of Soc.* Sec., No. 2:14-cv-321-FtM-DNF, 2015 WL 5559734, at *4 (M.D. Fla. Sept. 21, 2015) (same); *New v. Comm'r of Soc. Sec.*, No. 5:12-cv-211-OC-18PRL, 2013 WL 3804846, at *4 (M.D. Fla. July 8, 2013) (same).

retail manager "lasted long enough for [her] to learn how to do it." (Tr. 17.) At the hearing, the VE testified that Plaintiff's prior work as a retail supervisor required an SVP rating of 7. (Tr. 46.) According to the Dictionary of Occupational Titles, an SVP 7 rating requires two (2) years of vocational preparation to constitute PRW.[4] DOT, App'x C, Components of the Definition Trailer, 1991 WL 688702. Per Plaintiff's earnings history, however, it appears that Plaintiff worked as a retail manager for only one year. (Tr. 199.) While the Commissioner again submits that the ALJ considered other relevant information in making this determination, the hearing transcript and written decision fail to reveal as much.[5] Without a more adequately developed record, the undersigned cannot conclude that Plaintiff's on-the-job training lasted long enough for her to learn how to perform the job. *Cf. Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (stating that the role of the court is to review the Agency's final decision as it was made, as opposed to supplying missing legal justifications).

In light of the foregoing errors, it is impossible to ascertain whether the ALJ's ultimate determination on disability is supported by substantial evidence

---

[4] The DOT provides that an ALJ can consider other information such as on-the-job training, education, and essential experience in other jobs. *See* DOT, App'x C, Components of the Definition Trailer, 1991 WL 688702.

[5] The ALJ made no alternative finding that Plaintiff could perform other available jobs even if she could not perform her PRW. Thus, "no alternative basis exists for upholding the ALJ's decision." *Culver v. Astrue*, No. 5:10-cv-249/RH/EMT, 2011 WL 7039940, at *7 (N.D. Fla. Dec. 12, 2011) (report and recommendation adopted Jan. 15, 2012).

and a remand for further consideration is warranted.  On remand, the ALJ must consider the Plaintiff's PRW in a manner consistent with this opinion and conduct any further proceedings deemed appropriate.  *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand the ALJ must reassess the entire record).

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to reconsider Plaintiff's PRW in a manner consistent with this opinion and conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment accordingly and close the file.

3. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on August 2, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record